1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7  UNITED STATES OF AMERICA,
8           Plaintiff,
9      v.
10 DAIVD LOCKRIDGE, JR.,
11          Defendant.

CASE NO. CR16-5114 BHS

ORDER DENYING
DEFENDANT'S MOTION TO
SUPPRESS

This matter comes before the Court on Defendant David Lockridge, Jr.'s, ("Lockridge") motion to suppress (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On March 30, 2014, Tacoma police officers Kenneth Smith and Zachery Wolfe ("Officers") pulled Lockridge over because his tail light contained a hole approximately the size of a quarter through which white light emitted. After some actions irrelevant to this motion, police searched the car discovering guns and drugs.

ORDER - 1

On November 7, 2014, the Government filed a complaint against Lockridge. Dkt. 1. On March 16, 2016, the Government filed an indictment against Lockridge charging him with felon in possession of a firearm, possession of cocaine base with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. Dkt. 13.

On July 7, 2016, Lockridge filed a motion to suppress evidence, arguing the Officers did not have cause to stop him. Dkt. 21. On July 14, 2016, the Government responded. Dkt. 22. On July 20, 2016, Lockridge replied and submitted additional evidence in support of his motion. Dkt. 23. On July 21, 2016, the Court granted the Government an opportunity to respond to the additional evidence. Dkt. 25. On July 26, 2016, the Government filed a supplemental response. Dkt. 27.

## II. DISCUSSION

The Constitution does not protect individuals from every mistake a police officer may make. Instead, individuals are only protected from objectively unreasonable mistakes. *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014) ("The question here is whether reasonable suspicion can rest on a mistaken understanding of the scope of a legal prohibition. We hold that it can.").

Assuming without deciding that driving with a hole in one's tail light that emits white light is *not* prohibited under Washington law, the question becomes whether the Officers were reasonably mistaken as to the scope of Washington vehicle laws. The Court concludes that they were. "All lighting devices and reflectors mounted on the rear of any vehicle shall display or reflect a red color . . . ." RCW 46.37.100(3). Based on this law, it is objectively reasonable to conclude that, if all tail lights shall display red, it

1 is a violation of this law for a tail light to emit white. Moreover, the parties have
2 submitted competing declarations from current and retired Washington State Patrol
3 officers disputing this issue. While these individuals are not final authorities on the
4 subject, the declarations support the conclusion that the Officers made a reasonable
5 mistake of law if any mistake was made at all. Therefore, at most, the Officers'
6 misunderstanding of the law was reasonable and the stop did not violate Lockridge's
7 Fourth Amendment right. The Court denies Lockridge's motion.

8     Finally, the Court declines to address the legality of a broken tail light. That
9 question is best addressed by the Washington courts, the Washington legislature, or the
10 Washington State Patrol. *See* RCW 46.37.010(1)(b) (the RCW and rules issued by the
11 Washington State Patrol shall determine what constitutes "proper working condition and
12 adjustment" for vehicles in the state).

### III. ORDER

14     Therefore, it is hereby **ORDERED** that Lockridge's motion to suppress (Dkt. 21)
15 is **DENIED**.

16     Dated this 28th day of July, 2016.

BENJAMIN H. SETTLE
United States District Judge